UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES WILLIS BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV410-032 |
| | ) | CR408-249 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

James Willis Brown moves over the government's opposition for 28 U.S.C. § 2255 relief. (Doc. 1.)[1] Brown was charged with possession of a firearm by a convicted felon and possession of a firearm with an obliterated serial number. (Cr. doc. 1.) In exchange for his plea of guilty to the felon-in-possession charge, the "serial number" charge was dismissed (doc. 1 at 1), and the Court sentenced him to 57 months' imprisonment. (Cr. doc. 27.) Under the plea agreement, Brown waived

---

[1] "Doc." citations are to the docket in movant's civil case, CV410-032. "Cr. doc." refers to documents filed under movant's criminal case, CR408-249.

his rights to appeal the conviction and sentence and to collaterally attack the sentence on any ground. (Cr. doc. 26 at 5.) Consequently, he did not pursue an appeal. (Doc. 1 at 4.)

Brown's § 2255 motion raises three grounds for relief. First, his sentence was improperly enhanced for an underlying state felony which had been dismissed, and his attorney was ineffective for failing to bring its dismissal to the sentencing court's attention.[2] (*Id.*) Second, his attorney was ineffective for failing to investigate and obtain evidence related to his criminal history, and he states that he may not have pled guilty had his attorney properly researched the matter. (*Id.*) Finally, the Federal Bureau of Prisons failed to properly credit his prior jail time towards his current sentence. (*Id.*) Brown's first and third claims fail, but the Court will analyze the second on the merits.

As explained by the government in its response (doc. 3 at 6-9), Brown's first claim is precluded by the appeal waiver in his plea

---

[2] Brown also argues that his attorney advised him to sign the plea agreement based upon facts that were untrue. (Doc. 1 at 7.) From the overall structure of the claim and the fact that he only requests resentencing based upon the improper sentencing enhancement, the Court is satisfied that he is not directly attacking his plea in ground 1. (*Id.* at 7-8.) Nevertheless, the Court will address his attack on the plea itself in its discussion of ground 2, *infra*.

agreement. "A plea agreement is 'a contract between the Government and a criminal defendant,'" *Thompson v. United States*, 353 F. App'x 234 at 235 (11th Cir. 2009) (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)), and "it should be given the interpretation that the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). It is well established that criminal defendants may waive certain fundamental constitutional rights when entering a plea. *United States v. Bushert*, 997 F.2d 1343, 1347-1350 (11th Cir. 1993). And since a criminal defendant may waive fundamental constitutional rights, it follows that he may also waive his statutory rights, such as his right to appeal or his right to collaterally attack his sentence or conviction. *Id.* Hence, "[w]hen a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable." *Thompson*, 353 F. App'x at 235. That is, "the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and he must realize he is giving up that right as part of his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998). To enforce such a waiver "the government

3

must show that either (1) the district court specifically questioned the defendant concerning the sentence-appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351.

Here, the Court specifically discussed the terms of the appeal waiver with Brown at his change of plea proceeding. (Rule 11 Tr. at 28-33.) He indicated that he understood the terms of the waiver. (*Id.*) His attorney also discussed the matter with him. (*Id.*) The government has shown that Brown understood he was waiving his right to appeal or collaterally attack his sentence, and Brown has never attempted to argue otherwise. Accordingly, the appeal waiver applies, and it bars his sentencing enhancement claim. Additionally, it precludes him from challenging his sentence collaterally through a claim of ineffective assistance of counsel. *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007).[3] So both the improper enhancement and ineffective assistance claims asserted in ground one are barred.[4]

---

[3] The *Patel* court, however, noted that such waivers do not preclude a defendant from raising a claim of ineffectiveness as to the validity of the plea itself.

4

Brown's third claim is also subject to dismissal without consideration on the merits. Brown challenges the way his sentence is being executed. He admits that such claims are properly brought in an

---

*Patel*, 252 F. App'x at 974-75; *see United States v. Williams*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (suggesting the same).

[4] Moreover, the dismissal of the charge is irrelevant to the enhancement. Brown's sentence was enhanced four points for brandishing the firearm in connection with an armed robbery. (PSI at 5 ¶ 15.) While the state dismissed the armed robbery charge, the sentencing judge need not rely solely upon a conviction. He may take into account such conduct if it is proved by a preponderance of the evidence. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005); *id.* at 1300-1306 (noting that such fact-finding by the district judge at sentencing did not contravene the principles established in *United States v. Booker*, 543 U.S. 220 (2005)). Here, contrary to Brown's assertion, his attorney *did* object to the enhancement. (PSI Objections at 2-4.) She even presented evidence on the issue from the victim, who stated that there was no robbery -- he stated that he owed Brown money and made threatening remarks, prompting Brown to display a gun. (Sent. Tr. at 8-14.) The victim stated that he was friends with Brown and it was a misunderstanding; nevertheless, it is undisputed that Brown obtained cash from the victim during the incident. (*Id.*)

The sentencing judge found the victim had no credibility. (*Id.* at 14.) Brown's attorney called another witness, who stated that he did not believe Brown was involved in a robbery when he brandished the weapon at the victim. (*Id.* at 15-18.) The government called a detective who witnessed the incident. (*Id.* at 23-25.) The detective said that at the time of the incident, the victim stated that Brown had robbed him. (*Id.* at 25.) After considering the evidence, the Court ruled against Brown on the matter, stating that "even the collection of a legitimate debt by the use of a firearm in a threatening and intimidating manner is a violation of the criminal law and is robbery." (*Id.* at 27.) Indeed, Georgia has defined robbery in such a manner, stating that the taking of property by force or intimidation is not excused by a claim of debt. *See, e.g., Richards v.* State, 276 Ga. App. 384, 385 (2005). Consequently, even on the merits, Brown's ground 1 claims fail. The sentencing judge found, by a preponderance of the evidence and over Brown's attorney's strenuous objections, that Brown committed the offense of armed robbery.

5

action pursuant to 28 U.S.C. § 2241,[5] but he wishes to proceed in this Court "as a matter of judicial economy." (Doc. 1 at 10-14.) Such claims, however, must be raised in the district of confinement. 28 U.S.C. § 2241(a) (district courts limited to granting habeas relief "within their respective jurisdictions"); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *United States v. Martin*, 2009 WL 1636380 at *1 (N.D. Fla. June 8, 2009) (denying § 2255 claim for jail time credit and noting that such claims are properly brought under § 2241 in the district of confinement); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the [28 U.S.C. § 2241] habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *United States v. Plain*, 748

---

[5] *See, e.g., Williams v. Pearson*, 197 F. App'x 872, 876 (11th Cir. 2006); *Monahan v. Winn*, 276 F. Supp. 2d 196, 204 (D. Mass. 2003) ("It is well established that challenges to the 'manner, location, or conditions of a sentence's execution' are proper subjects of a habeas corpus action under § 2241."); *Benton v. Ashcroft*, 273 F. Supp. 2d 1139, 1143 (S.D. Cal. 2003) (noting that "[b]ecause petitioner challenges the terms and conditions of her confinement, the petition was properly brought pursuant to § 2241," and that § 2255 was not proper vehicle for relief).

F.2d 620, 621 n.3 (11th Cir. 1984) (district court of district other than one in which petitioner was incarcerated does not have jurisdiction to review habeas corpus petition brought by prisoner). Brown is currently incarcerated in Coleman, Florida, so this Court has no jurisdiction consider the merits of his § 2241 claim. (Doc. 1 at 1.)

Turning to his remaining claim, ground 2, Brown alleges that the felonies underlying the felon in possession of a firearm conviction were dismissed based upon his agreement to leave the state. (Doc. 1 at 8.) Hence, he contends, his attorney was ineffective for failing to investigate the status of his convictions.[6] (*Id.* at 8-9.) Since this claim reaches the

---

[6] He also suggests in his brief's introduction that his attorney should have realized that there were issues involving whether probable cause supported his arrest. (Doc. 34 at 7.) In addition to being barred by his appeal waiver, the claim fails in another respect. A criminal defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258 (1973). He may only attack the plea itself by showing that the advice he received from his counsel undermined "the voluntary and intelligent character of the plea." *Id.* at 267. In other words, his pre-plea deficient performance claim premised upon a lack of probable cause to arrest was waived by the entry of his guilty plea. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("Wilson's claim of ineffective assistance is not about his decision to plead guilty . . . [so] the Court did not err in dismissing Wilson's claim, as it involves pre-plea issues, without conducting an evidentiary hearing); *see also Hutchins v. Sec'y for Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008).

validity of the plea itself, it is not barred by the appeal waiver.[7] *Patel*, 252 F. App'x at 974-75; *see Williams*, 396 F.3d at1342 n.2. Hence, the Court will examine it on the merits.

In addressing such claims, the Court is guided by *Hill v. Lockhart*, 474 U.S. 52 (1985), which advanced a slightly modified version of the two-prong ineffective assistance of counsel test first announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Where a movant enters a plea of guilty, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Second, petitioner must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59.

Here, Brown states that after his 1990 convictions, a state probation officer suggested that his record was clear based upon his agreement to

---

[7] The government concedes as much in its response. (Doc. 3 at 9-10.)

leave Georgia. (Doc. 34.) He reasons that if counsel in this case had interviewed the probation officer, his 1990 attorney, the court reporter, or anyone familiar with those charges, she would have discovered that he was not a felon. (Doc. 1 at 8-9.) And, even if he *did* have a felony conviction, he subjectively *believed* that he did not, which would also undermine the charges. (*Id.*)

The record flatly refutes Brown's assertions. According to the PSI, he was convicted of a felony charge of possession of marijuana with intent to distribute. (PSI at 4 ¶ 8; *id.* at 7 ¶ 31.) And he admitted under oath at the plea hearing that he has two felonies on his record. (Rule 11 Tr. at 17.) His "solemn declarations" before the district judge "carry a strong presumption of verity" and rightly constitute a "formidable barrier" for him to overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Presenting only unsupported allegations to the contrary, Brown has not overcome that presumption. *See, e.g., Byrd v. United States*, 2008 WL 4326533 at * 3 n. 5 (S.D. Ga. Sept. 22, 2008). Brown is clearly a convicted felon, and thus he simply

cannot show that he was at all prejudiced by counsel's failure to investigate the matter to his liking. Since his prejudice showing fails, his claim fails. *See, e.g., Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

Brown next asserts that even if he misunderstood the legal status of the convictions, his attorney should have discovered that the present violation was not "willful," and since it was not "willful," he could not be convicted of possession of a firearm as a convicted felon. He is mistaken. A defendant's knowledge of his felony status is not an element of an 18 § 922(g)(1) prosecution -- the only knowledge component is that he knowingly possessed the firearm. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997); *see also United States v. Lesure*, 262 F. App'x 135, 143 n.3 (11th Cir. 2008) (noting that "as to the principal [versus an aider or abetter], knowledge of felon status is not an element of a § 922(g) offense"); *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996);

*United States v. Langley*, 62 F.3d 602, 604-06 (4th Cir. 1995) ("[I]t is highly unlikely that Congress intended to make it easier for felons to avoid prosecution by permitting them to claim that they were unaware of their felony status."); *United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988) ("[T]he defendant's knowledge of . . . his felon status was irrelevant."). Again, Brown has not shown any prejudice here.

For all of the reasons explained above, Brown's § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  22nd  day of April, 2010.

```
                         _____
                         UNITED STATES MAGISTRATE JUDGE
                         SOUTHERN DISTRICT of GEORGIA
```